UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL L. WILLIAMS,

    Plaintiff,

v.                              Case No. 8:20-cv-574-T-30CPT

ANDREW M. SAUL,
Commissioner of Social Security,
and NANCY A. BERRYHILL,
in her private capacity,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

This cause is before me for consideration of two pleadings filed on behalf of Plaintiff Darryl Williams: (1) a "Writ to Proceed in District Court Without Prepaying Fees or Costs," which I construe as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (IFP Motion) (Doc. 2); and (2) a document entitled "Grievances for violation of Constitutional Rights; International Covenant on Civil and Political Right(s) and Treaty Law" (Grievances Filing) (Doc. 1).[1] For the reasons discussed

---

[1] Both of these pleadings are signed by Loraye Blackeagle, Williams's self-described authorized representative and a Moorish American National. (Docs. 1, 2). For ease of reference, I refer to these submissions as Williams's filings.

below, I respectfully recommend that Williams's IFP Motion be denied and that this action be dismissed.

I.

While not entirely clear, it appears Williams seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Andrew Saul in his official capacity as the Commissioner of the Social Security Administration (SSA) and Nancy Berryhill in her individual capacity.[2] (Doc. 1). In support of his requests for relief, Williams asserts, among other things, that he is a "non-resident alien," that he has a right to self-determination, that he did not consent to participating in the Social Security program, and that he is entitled to be reimbursed for the "unused portions" of the Social Security "premiums" he involuntarily paid to the SSA through his "compelled participation in the program." *Id*. Williams further avers that, when he sent a letter to the SSA in January 2019 insisting that he be allowed to withdraw from the Social Security program, the SSA refused to accede to his demands, thereby violating his rights. *Id*.

In support of his claim of indigency, Williams's IFP Motion states that he has no wages, expenses, dependents, debts, or obligations, and that his only asset is a "1 troy ounce .999 silver coin . . . valued at $1,068.00 . . . ." (Doc. 2).

---

[2] Nancy Berryhill is the former Acting Commissioner of the SSA.

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (citation omitted). While such an application "need not show that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citing *Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948) (internal quotation marks omitted)).

When an application to proceed *in forma pauperis* is filed, the district court must additionally review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (citation omitted).[3] As

---

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *petition for cert. denied*, 139 S. Ct. 807 (Jan. 7, 2019). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a plaintiff's complaint under this standard, the court must accept all well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271-72 (11th Cir. 2018) (citation omitted). The court, however, "afford[s] no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin*, 738 F.3d at 1248 n.1 (citations omitted).

In addition, the Federal Rules of Civil Procedure provide that a court must dismiss an action "[i]f the court determines at *any time* that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). Indeed, federal courts "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (citation and quotation omitted); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[A] court should inquire into whether it has subject[-]matter jurisdiction at the earliest possible stage in the proceedings.").

Finally, although *pro se* pleadings are to be construed liberally, a district court is not to serve as *de facto* counsel for a *pro se* litigant, nor is it to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citation omitted).

III.

Williams's IFP Motion and Grievances Filing suffer from a threshold infirmity insofar as they are signed by Blackeagle, Williams's purported "authorized representative." Blackeagle is not a member of the Florida Bar, and there is nothing in the signature block that would suggest he or she is a licensed attorney. Unless sanctioned to practice law in this state, Blackeagle is not permitted to represent other individuals or entities in this Court. The Middle District of Florida's Local Rules, in fact, provide that: (1) "[n]o person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule;" and (2) "[o]nly those persons who are members in good standing of the Florida Bar shall be eligible for general admission to the bar of the Court." M.D. Fla. R. 2.01(a), (b); *see also Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (citing M.D. Fla. R. 2.01 and 28 U.S.C. § 1654, and explaining that "[i]ndividual parties in federal court 'may plead and conduct their own cases personally or by counsel'" only); *Wheat v. United States*, 486 U.S. 153, 159 (1988) (noting that "an advocate who is not a member of the bar may not represent clients (other than himself) in court").

In addition to this threshold defect, Williams's Grievances Filing—which echoes themes typically found in "sovereign citizen" type pleadings—is largely nonsensical and incoherent. While the filing suggests Williams does not wish to participate in the Social Security program or pay Social Security taxes, it fails to state a cognizable claim for relief. *See Charlotte v. Hanson*, 433 F. App'x 660, 661 (10th Cir. 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law); *Tsidhqiyah El v. US Sec'y of State*, 2018 WL 6621371, at *1 (M.D. Fla. Sept. 10, 2018), *report and recommendation adopted sub nom. Geysi Tsidhqiyah EL v. US Sec'y of State*, 2018 WL 5807507 (M.D. Fla. Nov. 6, 2018) (finding that "Moorish National" complaint was "incomprehensible" and "fail[ed] to state any valid claim for relief"); *Leotie v. Bayview Loan Servicing LLC*, 2019 WL 1225178, at *2 (N.D. Ga. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 1219350 (N.D. Ga. Feb. 7, 2019) (finding that sovereign-citizen type complaint "wholly fails to plausibly demonstrate entitlement to relief under any of the purported legal authority cited therein"); *Fullard v. Maryland*, 2015 WL 1517393; at *2 (D. Md. Mar. 31, 2015) (dismissing complaint based on theories propounded by sovereign citizens because complaint did "do not raise claims involving violation of the Constitution or laws or treaties of the United States").

Indeed, Williams's allegations are so baseless that they meet the frivolity standard under section 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (requiring court to dismiss actions deemed "frivolous"); *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (observing that a claim is frivolous under section 1915(e)(2)(B)(i) "if

it 'lacks an arguable basis either in law or in fact'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).  I note in this regard that the "sovereign citizen" type theories upon which Williams appears to rely have been roundly rejected as frivolous in this District and elsewhere.  *See, e.g., Patten v. LaClair*, 2019 WL 7500467, at *2 (M.D. Fla. Dec. 12, 2019), *report and recommendation adopted*, 2020 WL 94571 (M.D. Fla. Jan. 8, 2020) (citing *Mitchell v. Vesely*, 2017 WL 11049094, *1 (M.D. Fla. Aug. 23, 2017)) (explaining that the arguments advanced by "Moorish National" plaintiff "appear similar to the sovereign citizen arguments that courts have routinely dismissed as frivolous"); *McKenna v. Obama*, 2016 WL 5213940, at *1 (N.D. Fla. Aug. 19, 2016), *report and recommendation adopted*, 2016 WL 5110487 (N.D. Fla. Sept. 20, 2016) (collecting cases on dismissal of sovereign citizen type complaints as frivolous); *Young v. PNC Bank, N.A.*, 2018 WL 1251920, at *2 (N.D. Fla. Mar. 12, 2018) (describing "[s]o-called sovereign citizens" as those that believe "they are not subject to government authority and employ various tactics in an attempt to, among other things, avoid paying taxes," and noting that "[t]heir arguments and outlandish legal theories have been consistently rejected") (internal citations, quotation marks, and emphasis omitted).

Under these circumstances, dismissal with leave to amend would not be appropriate.  In arriving at this conclusion, I am mindful that a *pro se* plaintiff must ordinarily be given at least one chance to amend his complaint where a more carefully drafted complaint might state a claim.  *Carter v. HSBC Mortg. Serv.*, 622 F. App'x 783, 786 (11th Cir. 2015) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991),

*overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)). A district court, however, is not required to grant leave to amend if an amendment would prove futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). In this case, granting Williams leave to amend his Grievances Filing would be pointless. *See Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597-98 & n.3 (11th Cir. 2019) (affirming dismissal of sovereign citizen type complaint and agreeing with district court that leave to amend would be futile); *Patten*, 2019 WL 7500467, at *2 (finding plaintiff should not be granted leave to amend where arguments in his complaint were similar to those made by sovereign citizens) (citing cases).

IV.

For the reasons outlined above, I recommend that the Court:

1. Deny Williams's request to proceed *in forma pauperis* (Doc. 2);

2. Dismiss Williams's "Grievances for violation of Constitutional Rights; International Covenant on Civil and Political Right(s) and Treaty Law" (Doc. 1); and

3. Direct the Clerk of Court to terminate any pending motions and close the case.

Respectfully submitted this 15th day of April 2020.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable James S. Moody, Jr., United States District Judge
Any unrepresented party