UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRYL L. WILLIAMS,

    Plaintiff,

v.                                                   Case No. 8:20-cv-574-T-30CPT

ANDREW M. SAUL,
Commissioner of Social Security,
and NANCY A. BERRYHILL,
in her private capacity,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Before the Court is a *Writ to Proceed in District Court Without Fees or Costs*, filed on behalf of Plaintiff Darryl Williams.[1] (Doc. 11). The filing, originally submitted to the Eleventh Circuit Court of Appeals, was forwarded to the Court, construed as a motion for leave to proceed on appeal *in forma pauperis*, and referred to me for consideration. For the reasons discussed below, I respectfully recommend that Williams's construed motion be denied.

---

[1] Like Williams's previous filings, this Writ is signed by Loraye Blackeagle, Williams's self-described authorized representative. (Doc. 11). For ease of reference, I refer to the submission as Williams's filing.

I.

Williams initiated this action in March 2020 by filing a complaint—signed by Blackeagle—seeking monetary and injunctive relief pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendants Andrew Saul, in his official capacity as the Commissioner of the Social Security Administration (SSA), and Nancy Berryhill, in her individual capacity.[2] (Doc. 1). In support of his sought-after relief, Williams asserted, among other things, that he is a "non-resident alien," that he has a right to self-determination, that he did not consent to participating in the Social Security program, and that he is entitled to be reimbursed for the "unused portions" of the Social Security "premiums" he involuntarily paid to the SSA through his "compelled participation in the program." *Id*. Williams further averred that, when he sent a letter to the SSA in January 2019 insisting that he be allowed to withdraw from the Social Security program, the SSA refused to accede to his demands, thereby violating his rights. *Id*. Contemporaneously with the filing of his complaint, Williams moved for leave to proceed *in forma pauperis*. (Doc. 2).

Upon review of Williams's pleading and his accompanying motion for indigent status, I recommended that the action be dismissed on the grounds that Blackeagle, who was not a member of the Florida Bar or the Middle District of Florida Bar, could not represent Williams in federal court and that Williams's filings were frivolous in

---

[2] Nancy Berryhill is the former Acting Commissioner of the SSA.

any event. (Doc. 4 at 5-9). The Court adopted this recommendation on April 30, 2020. (Doc. 5).

Thereafter, the Court received an objection to my report and recommendation and a request that it correct its April 30 Order. (Docs. 6, 7). Both of these submissions were also signed by Blackeagle. *Id.*

On June 1, 2020, the Court entered an Order finding that the objection was without merit and denying Williams's request that the Court modify its previous Order. (Doc. 8).

Roughly two months later, on August 4, 2020, Blackeagle filed a lengthy notice of appeal on Williams's behalf. (Doc. 9). The instant construed motion to pursue that appeal *in forma* pauperis followed. (Doc. 11).

II.

Motions to proceed *in forma pauperis* on appeal are governed by both Federal Rule of Appellate Procedure 24 and Section 1915 of Title 28, United States Code. *See Ex Parte Chayoon*, 2007 WL 1099088, at *1 (M.D. Fla. Apr. 10, 2007). Rule 24(a)(1) sets forth the procedural requirements for such appeals and provides, in pertinent part, that a party seeking leave to proceed *in forma pauperis* must file a motion in the district court with an affidavit that: (a) shows in detail the party's inability to pay or give security for the fees and costs of the appeal, (b) claims an entitlement to redress, and (c) states the issues the party intends to present on appeal. Fed. R. App. P. 24(a)(1).

Section 1915 specifies the substantive requirements for appellants claiming to be indigent. *Hagner v. Seminole Cty.*, 2007 WL 3407387, at *1 (M.D. Fla. Nov. 13,

2007) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979)).[3] Among other things, that section permits a district court to authorize an "appeal . . . without prepayment of fees or security therefor" when the party appealing submits an affidavit that lists all of his assets and that evidences his inability to tender such fees and security. 28 U.S.C. § 1915(a)(1). Within this framework, a district court has "wide discretion" to grant or deny an application to proceed *in forma pauperis,* and in civil cases for damages, the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quotation omitted). In this context, an individual need not show he is "absolutely destitute" to qualify for indigent status under section 1915. *Id.* (citation omitted). Rather, an affidavit of indigency "will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.*

Section 1915 further provides, however, that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). To satisfy this "good faith" standard, the appealing party must demonstrate that any issue he seeks to pursue is "not frivolous when examined under an objective standard." *Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859 (11th Cir.

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before the close of business on September 30, 1981.

2008) (per curiam).[4]  An *in forma* pauperis "action is frivolous, and thus not brought in good faith, if it is 'without arguable merit either in law or fact.'" *Id.* at 859-60 (quoting *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001)).

### III.

As before, both Williams's notice of appeal and his construed motion to proceed *in forma pauperis* for purposes of appeal suffer from a threshold infirmity insofar as they are signed by Blackeagle, Williams's purported "authorized representative."  As noted, Blackeagle is neither a member of the Florida Bar nor the Middle District of Florida Bar, and there is nothing in the signature block suggesting that he or she is a licensed attorney in any jurisdiction.  Unless sanctioned to practice law, Blackeagle is not permitted to represent other individuals or entities in federal court.  *See* M.D. Fla. R. 2.01(a), (b); *Wheat v. United States*, 486 U.S. 153, 159 (1988) (noting that "an advocate who is not a member of the bar may not represent clients (other than himself) in court"); *Class v. U.S. Bank Nat'l Ass'n*, 734 F. App'x 634, 636 (11th Cir. 2018) (per curiam) (citing M.D. Fla. R. 2.01 and 28 U.S.C. § 1654, and explaining that "[i]ndividual parties in federal court 'may plead and conduct their own cases personally or by counsel'" only).

In addition to this deficiency, the Court is without a proper affidavit showing in detail that Williams cannot afford to pay or give security for the fees and costs of the appeal.  Fed. R. App. P. 24(a)(1).  His Writ merely states that he is unable to pay

---

[4] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority.  11th Cir. R. 36-2.

such fees and costs because he is unemployed, has no bank account, possesses no gold or silver, and cannot pay with a "federal reserved note" [sic] because they "are not dollars." (Doc. 11). These allegations—unattested to by Williams himself—are insufficient and preclude me from making an informed determination as to whether Williams is truly indigent.

Williams's attempted appeal is also untimely. In a civil case such as this, a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). The Order that Williams seeks to appeal here was entered on April 30, 2020 (Doc. 5), and the Court denied Williams's request to correct or reconsider that Order on June 1, 2020 (Doc. 8). Williams's subsequent notice of appeal, however, was not filed until August 4, 2020 (Doc. 9), which is more than sixty days after the last Order entered in this action.

Finally, Williams presents no arguable, good faith basis to challenge the Court's prior Orders. His notice of appeal (Doc. 9) contains no explanation regarding the issues he intends to present on appeal. Fed. R. App. P. 24(a)(1). Nor does the instant motion. (Doc. 11). Instead, he simply reiterates his grievances against the Defendants and his desire not to participate in the Social Security program or pay Social Security taxes, and also takes affront to being categorized as a "sovereign citizen." Such averments do not amount to a valid basis for an appeal, and, as a result, I find his appeal lacking in good faith.

IV.

In light of the above, I recommend that the Court:

1. Deny Williams's request to appeal *in forma pauperis* (Doc. 11); and

2. Direct the Clerk of Court to notify the Court of Appeals of its ruling in accordance with Rule 24(a)(4) of the Federal Rules of Appellate Procedure.

Respectfully submitted this 16th day of September 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies furnished to:
Honorable James S. Moody, Jr., United States District Judge
Any unrepresented party